## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| CHRISTINA ELAINE JONES ET AL | CASE NO.  2:23-CV-01311 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WESTLAKE U S 2 L L C ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## <u>MEMORANDUM RULING AND ORDER</u>

Before the Court is DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS filed by Defendants Westlake US 2, LLC, Westlake Corporation, and Eagle Spinco, Inc.  (Rec. Doc. 23). Plaintiffs Christina Elaine Jones and Donna Martin Jones filed an opposition (Rec. Doc. 27) to which Defendants replied (Rec. Doc. 30).  The motion is fully briefed and ripe for ruling.  For the reasons below, the motion is GRANTED and discovery is STAYED pending the resolution of a dispositive motion filed in response to the Amended Class Action Complaint (Rec. Doc. 32) filed in response to the DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE OR DISMISS PLAINTIFFS' CLASS ALLEGATIONS (Rec. Doc. 21), which is hereby is DENIED AS MOOT.

### I.      Factual and Procedural Background

This is a putative class action brought by Christina Elaine Jones and Donna Martin Jones against Defendants alleging multiple causes of action arising out of Defendants' industrial activities in southwest Louisiana.  (Class Action Complaint,

Rec. Doc. 1).  The proposed class of plaintiffs is broad and includes owners of immovable property whose property has been damaged by Defendants' operations and individuals who use the water from the Chicot Aquifer who are impacted by Defendants' alleged contamination of the aquifer.  *Id*. at ¶ 3.  The proposed class in the Amended Class Action Complaint is limited to Calcasieu Parish (Rec. Doc. 32 at ¶ 3) whereas the proposed class in the Class Action Complaint included Calcasieu, Cameron, Beauregard, and Jefferson Davis Parishes (Rec. Doc. 1 at ¶ 3).

According to the complaints, Defendants manufacture and supply various petrochemical products, including low-density polyethylene (LPDE) from multiple facilities in Calcasieu Parish in and around Westlake, Louisiana.  *Id*. at ¶ 13.[1] Defendants also operated facilities at the Sulphur Mines Salt Dome outside of Sulphur, Louisiana for hydrocarbon storage and injection wells.  *Id*. at ¶ 15. Plaintiffs allege that Defendants' operations have resulted in multiple industrial accidents and chemical releases.  *Id*. at ¶¶ 16-17.  Defendants' operation of the Sulphur Mines Salt Dome has allegedly resulted in contamination of the Chicot Aquifer and resulted in property damage in the area of Defendants' operations.  *Id*. at ¶ 47.  These alleged damages include contamination and subsidence and resulting diminution in value of plaintiffs' property.  *Id*. at ¶¶ 49-50.

Both complaints allege causes of action for negligence (*Id*. at ¶¶ 57-64), strict liability (*Id*. at ¶¶ 65-70), breach of Louisiana Mineral Code Article 10 (*Id*. at ¶¶ 71-74), trespass (*Id*. at ¶¶ 75-83), nuisance (*Id*. at ¶¶ 84-90), liability under the Louisiana Environmental Quality Act (*Id*. at ¶¶ 91-104).  The remedies sought

---

[1] Paragraph citations are to the Amended Class Action Complaint. (Rec. Doc. 32).

include compensatory damages for costs of remediation and diminution in value; mandatory injunctive relief for restoration of soil, surface water, and groundwater; injunctive relief to prevent future migration of pollutants onto plaintiffs' properties; "[i]njunctive relief providing for the supply of potable water to the classes of Plaintiffs;" penalties; costs to provide safe water services to plaintiffs; exemplary damages; attorneys' fees; economic losses; medical expenses; lost wages and income; lost and impaired earning capacity; pain and suffering; lost business profits; mental anguish; business interruption; and costs and expenses. *Id*. at Prayer.

Defendants responded to the Class Action Complaint with their MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE OR DISMISS PLAINTIFFS' CLASS ALLEGATIONS. (Rec. Doc. 21). They contend that plaintiffs lack Article III standing because they have not alleged an injury in fact and that plaintiffs' claims are not ripe. (Memorandum, Rec. Doc. 22 at 5-8). The motion also asserts that the original complaint fails to state a claim as to all asserted causes of action. *Id*. at 8-19.

Defendants also request that the class allegations be stricken and that the proposed class definition is defective on two grounds. *Id*. at 19. First, the claims implicate highly individualized causation and damages issues. *Id*. at 20-24. Second, the proposed class would require individualized forms of injunctive relief. *Id*. at 24-25.

Contemporaneously with the Motion to Dismiss, Defendants filed the instant Motion to Stay. The Notice of Motion Setting Without Date issued on December 8, 2023 in connection with the Motion to Dismiss required that any response be filed

within 21 days after service.  (Rec. Doc. 25).  Rather than file a response to the Motion to Dismiss, plaintiffs filed the Amended Class Action Complaint.  (Rec. Doc. 32).  As addressed below, the filing of an amended pleading pursuant to Rule 15(a)(1)(B) while a dispositive motion directed to the original pleading is pending moots that dispositive motion.

## II.     Applicable Standards

"District courts have broad discretion in all discovery matters."  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).  *See also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.").  However, "the issuance of a stay is by no means automatic."  *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted).  A district court has discretion to stay discovery "for good cause," which may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay.  Fed. R. Civ. P. 26(c).  Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy."  *Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893 at *2 (E.D. La. Mar. 5, 2013).  A stay "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense."  *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768 (internal quotation marks omitted).  A stay may also be appropriate when

standing, which implicates the court's subject matter jurisdiction, is at issue. *Laufer v. Patel*, No. 20-631, 2021 WL 327704 at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case.").

## III.    Analysis

At the outset, the Court notes that the Amended Class Action Complaint (Rec. Doc. 32) was filed in lieu of a response to the Motion to Dismiss.  In fact, it was filed on the date Plaintiffs' response to the Motion to Dismiss was due.  (Notice, Rec. Doc. 25).   Since it was filed within 21 days of service of Defendants' Motion to Dismiss, it was timely under Rule 12(a)(1)(B) and, as such, the Motion to Dismiss is now moot.  *See generally Barnes v. Dist. of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended complaint as of right within 21 days after the filing of the motion to dismiss under Rule 12(b), (e), or (f), the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot."); *Gray v. D.C. Public Schools*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) ("When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot.").  Since Defendants will have to review the Amended Class Action Complaint and file a responsive pleading to it, additional time will pass before a scheduling order is entered, further justifying a stay of discovery.  If Defendants file another motion to dismiss, the stay preserves the status quo.   In the event

Defendants file an answer, an orderly sequence of discovery can be established and the stay lifted.

The Court expects that the filing of the Amended Class Action Complaint will result in the filing of another motion to dismiss by Defendants. The new pleading includes the same causes of action as the original pleading and is in fact lengthier. Based on the nature and circumstances of this case as originally alleged in the original Class Action Complaint and now in the Amended Class Action Complaint, the Court finds that Defendants have shown good cause for a stay. Defendants' Motion to Stay was directed to their Motion to Dismiss filed in response to the original Class Action Complaint, but the grounds asserted for the stay are equally applicable to the Amended Class Action Complaint such that the Court finds it proper to stay all discovery until such time as Defendants file an answer.[2]

It is evident that discovery in this matter will be substantial. The proposed class consists of immovable property owners whose properties have been damaged by Defendants' operation of the salt dome facilities and persons who use water from the Chicot Aquifer. While the Court need not address the merits of certification in this ruling, the class of plaintiffs will be large.[3] The nature of the allegations suggest that the causation question will be complex and costly and require expert witnesses in multiple fields. The same can be said for the various forms of damages sought, which include remediation of immovable property, diminution in value of

---

[2] Of course, if any motion to dismiss is granted and all of plaintiffs' claims are dismissed, no discovery will take place.

[3] In their opposition to the instant motion, plaintiffs state that they are "among hundreds of residents who depend on the Chicot Aquifer for their drinking water and/or own property near Westlake's salt dome facilities near Sulphur, Louisiana." Opposition, Rec. Doc. 27 at 1-2.

immovable property, repairs and other services,[4] personal injuries, and various forms of injunctive relief.

The Court further finds that a stay will not prejudice Plaintiffs. Plaintiffs noted that they had not propounded any discovery and that Defendants' only obligation was to provide initial disclosures but that Plaintiffs should be permitted to propound discovery. (Opposition, Rec. Doc. 27 at 2). Plaintiffs do not articulate any prejudice they would suffer if discovery is stayed. In reply, Defendants reiterate the complex nature of this case and emphasize that discovery will be costly. Again, given the nature of the case, the Court agrees. Whatever iteration of this case proceeds once any (anticipated) motion to dismiss filed in response to the Amended Class Action Complaint is resolved will require a comprehensive case management order to ensure an orderly discovery process.[5]

## IV.    Conclusion

Based on the foregoing,

IT IS ORDERED that DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS (Rec. Doc. 23) is GRANTED and all discovery is STAYED pending the resolution of any dispositive motion filed in response to the AMENDED CLASS ACTION COMPLAINT (Rec. Doc. 32).

---

[4] The prayer in the Class Action Complaint sought, *inter alia*, "establishment of medical monitoring to provide health care. . . ." (Rec. Doc. 1 at Prayer). This item of damages is not included in the Amended Class Action Complaint.

[5] Upon the filing of an answer, the Court will issue an order setting a scheduling conference and will include deadlines for the 26(f) report and circulation of initial disclosures. Here, the parties will have to submit a new 26(f) report since their original 26(f) report (Rec. Doc. 20) would be—and already is—incomplete. *See generally Kennedy v. Jackson*, No. 21-4247, 2022 WL 1294549 at *2 (W.D. La. Apr 29, 2022) (discussing general procedure in this Court regarding scheduling process when preliminary motions are filed).

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint and Strike or Dismiss Plaintiffs' Class Allegations (Rec. Doc. 21) is DENIED AS MOOT.

Signed in chambers this 3rd day of January, 2024.

_____
David J. Ayo
United States Magistrate Judge